Opinion by DONLON, J.  In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to the beef the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

No. 59492.—C. J. Tower & Sons v. United States, protest 180705–K (Buffalo).

Opinion by DONLON, J.  In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

No. 59493.—The A. W. Fenton Co., Inc. v. United States, protests 239605–K, etc. (Cleveland).

Opinion by DONLON, J.  In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 25, 1955

No. 59494.—Westfeldt Brothers v. United States, petitions 7165–R, 7166–R, 7167–R, 7168–R, and 7169–R (New Orleans).

RAO, Judge:  Several importations of chocolate bars were entered at the port of New Orleans at values less than those found upon final appraisement.  Accordingly, and pursuant to the provisions of section 489 of the Tariff Act of 1930, additional duties for undervaluation were assessed and are here sought to be remitted. Individual petitions for remission were filed for each entry but were consolidated for the purposes of trial.

It appears from the record herein that petitioner is a firm of customhouse brokers who entered the involved importations in behalf of the ultimate consignees, the Cuban American Products Co. of New York City, or, and in the case of petition 7165–R only, the Schumacher Co. of Houston, Tex.  However, as no owner's declarations were filed in any of the entries, petitioner is, as provided in section 485 (d) of the Tariff Act of 1930, the importer of record.

It further appears that similar merchandise, shipped by the same exporter to Cuban American Products Co., and entered by petitioners, prior to the earliest of the importations at bar, was also the subject of a petition for remission of